Brent H. BEEBE; Marsha A. Beebe, Plaintiffs—Appellants,

v.

Charles KELSON; Richard Ward; Dennis Floor; Joan Young; Jack Richards; George Fawrup; Mary Elizabeth Alden, Defendants—Appellees.

No. 05–16659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 2007.

Filed Aug. 30, 2007.

Andrea M. Miller, Esq., Nagley Meredith & Miller, Inc., Sacramento, CA, for Plaintiffs–Appellants.

Jason M. Heath, Robert Leslie Collins, Esq., Office of the California, Attorney General, Sacramento, CA, for Defendants–Appellees.

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Before: PREGERSON, SILER,\* and BEA, Circuit Judges.

### MEMORANDUM \*\*

Plaintiffs–Appellants Brent and Marsha Beebe timely appealed the district court's grant of summary judgment in favor of the Defendants–Appellees. The parties are familiar with the facts of this case, and we repeat them here only to the extent necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Plaintiffs have not raised a genuine issue of material fact as to whether Charles Kelson misled the magistrate by including his observation of Bayou Seafood's pattern of bidding within five percent of Valley Foods bids to the State of California in the affidavit. Kelson included his raw data with the affidavit and expressly acknowledged in an attachment to the search warrant affidavit that he examined only a fraction of the total bid packages that included bids from Valley and the four small businesses under investigation. The magistrate therefore had notice of the limitations of Kelson's data, and we cannot say that Kelson misled the magistrate.

Plaintiffs also contend that Kelson should have included additional information in the search and arrest warrant affidavits. An investigator, however, need not disclose every piece of evidence uncovered in the investigation. *See Lombardi v. City of El Cajon,* 117 F.3d 1117, 1124 (9th Cir.1997). Moreover, Kelson need not have expressly informed the magistrate that it was legal for Bayou to obtain its bid forms from Valley and to use Valley as a

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

supplier. To say that a practice is itself legal does not mean that it may not also be evidence of illegal activity. *See Illinois v. Gates,* 462 U.S. 213, 243 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We therefore hold that Plaintiffs have not raised a genuine issue of material fact as to whether Kelson withheld material information from the magistrate.

Beyond these two issues, Plaintiffs did identify a few misstatements in the search and arrest warrant application materials. Correction of these misstatements, however, would not have deprived the magistrate of a "substantial basis" for finding probable cause. *See Butler v. Elle,* 281 F.3d 1014, 1024 (9th Cir.2002).

Plaintiffs' remaining arguments are meritless.

**AFFIRMED.**

PREGERSON, Circuit Judge, specially concurring.

I concur in the judgment. I note that counsel for the state of California recognized at oral argument that the Attorney General's investigation and representation in this case was, to say the least, not one of its finest hours. The plaintiffs' § 1983 claims regarding misstatements in the affidavit are now foreclosed by this court. I note, however, that counsel for defendants also recognized at oral argument that "the overbroad execution of the search warrant does still remain in the case below." I also write to commend plaintiffs' attorney Andrea Miller for her excellent representation of her clients at oral argument.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).